IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK O'NEAL HEARD,    )
# 165216,                    )
                           )
       Petitioner,      )
                           )
vs.                       )     CIVIL ACTION NO.
                           )     3:06-CV-691-WHA
                           )
SYLVESTER FOLKS, *et al.*,   )
                           )
       Respondents.    )

## ANSWER

Come now Respondents, by and through the Attorney General for the State of Alabama, and file their answer to this Court's Order To Show Cause dated August 10, 2006. As grounds and insupport of their answer, Respondents file this Answer with supporting Exhibits.

## PROCEDURAL HISTORY

Petitioner, Patrick O'Neal Heard (Heard), was initially convicted in the Chambers County Circuit Court of third degree burglary. (Exhibit A) On December 20, 2004, Heard was sentenced to 25 years imprisonment. (Exhibit A) Heard's sentence was ordered to run concurrently with other sentences that he was

serving. (Exhibit A)  Heard did not take a direct appeal from his conviction and sentence. (Exhibit A)

On September 7, 2005, Heard filed a Rule 32 petition, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in the Chambers County Circuit Court. (Exhibit B)  The only ground Heard raised was an allegation that he did not appeal his conviction through no fault of his own. (Exhibit B)  No other grounds were raised by Heard.  In support of his Rule 32 petition, Heard submitted an affidavit stating he gave the Chambers County Jail officials his notice of appeal on January 19, 2005, but his papers were never filed with the Clerk of Chambers County.

On November 17, 2005, Circuit Judge Ray D. Martin entered an order denying and dismissing Heard's Rule 32 petition for failure to state a legal claim on which relief could be granted. (Exhibit C)  Heard did not appeal the denial of his Rule 32 petition.  (Exhibit A)

## HEARD'S FEDERAL HABEAS CORPUS CLAIMS

On May 11, 2006, Heard filed the current Federal Writ of Habeas Corpus petition in this Court.  Heard alleged that he did not receive a direct appeal in state court.  No other claims are raised by Heard.  On August 10, 2006, this Court entered an Order directing Respondents to Show Cause where Heard's federal habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

1.  Respondents admit Heard is incarcerated in the Alabama penal system for a third degree burglary conviction with a 25-year sentence.  His conviction and sentence were entered in the Chambers County Circuit Court. (Exhibit A)

2.  Respondents deny they have abridged any of Heard's rights under the Constitution of the United States or under and federal statute or treaty.

3.  Heard's appeal claim is procedurally defaulted from federal habeas review.

4.  Heard did not completely exhaust his claim in state court, and his claim is procedurally defaulted.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

## I.  STATUTE OF LIMITATION

Heard's federal habeas corpus petition does not appear to be filed in violation of the one-year statute of limitation as codified in 28 U.S.C. §2244(d).

## II.  EXHAUSTION & PROCEDURAL DEFAULT

Heard's appeal claim, presented for federal habeas review, should be dismissed, because he did not "fully" and "completely" exhaust his Rule 32 claims in state court.  Heard filed a Rule 32 petition, pursuant to Rule 32 of the Alabama

Rules of Criminal Procedure, but he did not appeal the denial of his Rule 32 petition. (Exhibits A-B)

Both O'Sullivan v. Boerckel, 526 U.S. 838 (1999) and Smith v. Jones, 526 F.3d 1135 (11th Cir. 2001), make clear that claims not raised in a petition for certiorari in the highest state court are not deemed exhausted and are therefore procedurally defaulted. Although O'Sullivan and Smith addressed the failure to seek certiorari review on direct appeal, the same requirement of exhaustion was applied by the Eleventh Circuit Court of Appeals in post-conviction proceedings. Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

In Pruitt, the Eleventh Circuit adopted the Seventh Circuit's rule that the Boerckel rule of exhaustion applies to collateral proceedings. In White v. Godinez, 192 F. 3d 607 (7th Cir. 1999), the Seventh Circuit reasoned: "Although Boerckel involved a criminal matter on direct appeal, we do not believe that there is any appreciable difference between direct appeals and post-conviction appeals in this regard. Therefore, the procedural default rule announced in Boerckel applies with equal force in a case, such as this one, on collateral review." White v. Godinez, at 608. Citing with approval White v. Godinez's Boerckel reasoning, the Eleventh Circuit in Pruitt affirmed the denial of Pruitt's federal habeas petition, because he failed to exhaust all of his state remedies by not seeking review in the highest state court. Pruitt, at 1359.

4

Additionally, Heard's appeal claim is procedurally defaulted. Heard properly filed a Rule 32 petition seeking an "out-of-time" appeal. He, however, neglected to seek appellate review of his Rule 32 denial. In <u>Collier v. Jones</u>, 910 F.2d 770, 772 (11th Cir 1990), the Eleventh Circuit Court of Appeals held that a petitioner must seek review of claims in the state appellate court to receive federal habeas review.

Here, Heard did not appeal his Rule 32 proceeding. Heard did not seek review by the Alabama Court of Criminal Appeals. He also did not properly seek review in the Supreme Court of Alabama. Hence, Heard has failed to properly exhaust his state court remedies, and his claim is procedurally defaulted. Thus, Heard's appeal claim is precluded from federal habeas review.

## CONCLUSION

Heard's federal habeas corpus petition should be denied with prejudice, based upon the foregoing and supporting exhibits.

## EXHIBITS

A – Case Action Summary in CC-03-44

B – Rule 32 Petition in CC-03-44.60

C – Rule 32 Order in CC-03-44.60


Respectfully submitted,

Troy King, ASB #KIN047
*Attorney General*
By-


s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Patrick O'Neal Heard, AIS #165216, P.O. Box 13040, Mobile, AL 36663.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

180729/98554-001

7

```
ACRO370            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2003 000044.00
OPER: RHM                    CASE ACTION SUMMARY
PAGE:    1                  CIRCUIT   CRIMINAL              RUN DATE: 09/15/2006
===============================================================================
IN THE CIRCUIT COURT OF  CHAMBERS                                   JUDGE: RDM

STATE  OF  ALABAMA                  VS       HEARD PATRICK ONEAL
                                             9947 HWY 21 NORTH
CASE: CC 2003 000044.00
                                             ATMORE, AL   36503 0000

DOB: 07/21/1968          SEX: M  RACE: B  HT: 6 02  WT: 140    HR: BLK EYES: BRO
SSN: 416217547  ALIAS NAMES: AIS 165216
===============================================================================
CHARGE01: BURGLARY 3RD DEGREE  CODE01: BUR3  LIT: BURGLARY 3RD D TYP: F #: 001
OFFENSE DATE: 07/09/2002                  AGENCY/OFFICER: 0120200 MCNEAL

DATE WAR/CAP ISS: 03/10/2003           DATE ARRESTED: 07/09/2002
DATE     INDICTED: 01/29/2003          DATE    FILED: 02/21/2003
DATE     RELEASED: 05/06/2004          DATE  HEARING:
     BOND AMOUNT:      $15,000.00 P       SURETIES: MARY EDWARDS

DATE 1: 12/17/2004  DESC: SENT         TIME: 0900 A
DATE 2:             DESC:              TIME: 0000

TRACKING NOS: GJ 2003 000090 00  /  DC 2002 200386 00  /

    DEF/ATY: JOHNSTON KESA MARIE       TYPE: A
             POST OFFICE BOX 486                              TYPE:

             ROANOKE         AL 36274
                                                    00000
PROSECUTOR:

===============================================================================
OTH CSE: GJ200300009000 CHK/TICKET NO:                    GRAND JURY: 90
COURT REPORTER: _____  SID NO:      000165216
DEF STATUS: BOND                 DEMAND:                        OPER: ALS
===============================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
===============================================================================
| 02/21/2003 | ASSIGNED TO: (XXX)                      (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | INITIAL STATUS SET TO: "B" - BOND       (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | FILED ON: 02/21/2003                    (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | DEFENDANT ARRESTED ON: 07/09/2002       (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | DEFENDANT INDICTED ON: 01/29/2003       (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | BOND SET AT: $5000.00                   (AR01)   | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | SET FOR:  ARRAIGNMENT ON 03/17/2003 AT 0900A(AR01) | RHM
|------------|-------------------------------------------------|-----
| 02/21/2003 | CHARGE 01: BURGLARY 3RD DEGREE /#CNTS: 001 (AR01) | RHM
|------------|-------------------------------------------------|-----
| 02/24/2003 | NOTICE SENT: 02/24/2003 HEARD PATRICK ONEAL     | RHM
|------------|-------------------------------------------------|-----
| 02/24/2003 | NOTICE SENT: 02/24/2003 MARY EDWARDS            | RHM
|------------|-------------------------------------------------|-----
| 02/24/2003 | NOTICE SENT: 02/24/2003 ORA GIBSON             | RHM
|------------|-------------------------------------------------|-----
| 02/27/2003 | CASE SET ON 03/10/2003                          | CHS
|------------|-------------------------------------------------|-----
| 02/27/2003 | NOTICE FLAG SET TO: N                           | CHS
|------------|-------------------------------------------------|-----
| 02/27/2003 | NOTICE SENT: 02/27/2003 MARY EDWARDS            | RHM
|------------|-------------------------------------------------|-----
| 02/27/2003 | NOTICE SENT: 02/27/2003 ORA GIBSON             | RHM
|------------|-------------------------------------------------|-----
| 02/28/2003 | CASE SET ON 03/10/2003                          | RHM
|------------|-------------------------------------------------|-----
| 02/28/2003 | NOTICE FLAG SET TO: Y                           | RHM
```

EXHIBIT

A

```
ACRO370                    ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2003 000044.00
OPER: RHM                         CASE ACTION SUMMARY
PAGE:   2                         CIRCUIT   CRIMINAL                  RUN DATE: 09/15/2006
===============================================================================================
IN THE CIRCUIT COURT OF  CHAMBERS                                              JUDGE: RDM

STATE  OF  ALABAMA                  VS      HEARD PATRICK ONEAL
                                            9947 HWY 21 NORTH
CASE: CC 2003 000044.00
                                            ATMORE, AL  36503 0000

DOB: 07/21/1968          SEX: M  RACE: B  HT: 6 02  WT: 140    HR: BLK EYES: BRO
SSN: 416217547    ALIAS NAMES: AIS 165216
===============================================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                                        OPE
===============================================================================================
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 02/28/2003 | NOTICE SENT: 02/28/2003 HEARD PATRICK ONEAL | RHM |
| 02/28/2003 | NOTICE SENT: 02/28/2003 MARY EDWARDS | RHM |
| 02/28/2003 | NOTICE SENT: 02/28/2003 ORA GIBSON | RHM |
| 03/10/2003 | ALIAS WARRANT ISSUED: 03/10/2003            (AR08) | RHM |
| 04/09/2004 | "S" WARRANT SERVICE ON: 04/06/2004          (AR10) | RHM |
| 04/09/2004 | WARRANT LOCATION IS: H ON: 04/09/2004       (AR10) | RHM |
| 04/09/2004 | SET FOR:  ARRAIGNMENT ON 05/03/2004 AT 0900A(AR10) | RHM |
| 04/15/2004 | WITNESS SUBPOENAS ISSUED | RHM |
| 04/15/2004 | PARTY ADDED  W003   JAMES AARON            (AW21) | CHS |
| 04/15/2004 | WITNESS SUBPOENA ISSUED TO W001 ANGIE MCNEAL(AW21) | RHM |
| 04/15/2004 | WITNESS SUBPOENA ISSUED TO W002 RICHARD BROWN | RHM |
| 04/15/2004 | WITNESS SUBPOENA ISSUED TO W003 JAMES AARON (AW21) | RHM |
| 05/03/2004 | PLEA OF NOT GUILTY AND WAIVER OF ARRG. | RHM |
| 05/04/2004 | ATTORNEY FOR DEFENDANT: JOHNSTON KESA MARIE (AR01) | RHM |
| 05/04/2004 | SET FOR: JURY TRIAL ON 09/20/2004 AT 0900A  (AR01) | RHM |
| 05/04/2004 | BOND SET AT: $15000.00                      (AR01) | RHM |
| 05/06/2004 | MOTION FOR DISCOVERY. | RHM |
| 05/07/2004 | DEFENDANT RELEASED FROM JAIL: 05/06/2004    (AR01) | RHM |
| 09/23/2004 | CASE SET ON 11/08/2004 | RHM |
| 09/23/2004 | NOTICE FLAG SET TO: Y | RHM |
| 09/24/2004 | NOTICE SENT: 09/24/2004 HEARD PATRICK ONEAL | RHM |
| 09/24/2004 | NOTICE SENT: 09/24/2004 JOHNSTON KESA MARIE | RHM |
| 09/24/2004 | NOTICE SENT: 09/24/2004 MARY EDWARDS | RHM |
| 09/24/2004 | NOTICE SENT: 09/24/2004 ORA GIBSON | RHM |
| 10/19/2004 | PARTY W003 ADD1 CHANGED FROM: C/O SUPERIOR GAS | RHM |
| 10/19/2004 | PARTY W003 ZCS CHANGED FROM: 36862 0000 LAFAYETTE | RHM |
| 10/19/2004 | PARTY W003 ADD2 CHANGED FROM: 725 N. LANIER AVE. | RHM |
| 10/19/2004 | WITNESS SUBPOENA ISSUED TO W003 JAMES AARON (AW21) | RHM |
| 10/20/2004 | NOTICE SENT: 10/20/2004 HEARD PATRICK ONEAL | RHM |
| 10/20/2004 | NOTICE SENT: 10/20/2004 JOHNSTON KESA MARIE | RHM |
| 10/20/2004 | NOTICE SENT: 10/20/2004 MARY EDWARDS | RHM |

```
ACRO370                 ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2003 000044.00
OPER: RHM                       CASE ACTION SUMMARY
PAGE:    3                      CIRCUIT    CRIMINAL              RUN DATE: 09/15/2006
================================================================================
IN THE CIRCUIT COURT OF  CHAMBERS                                     JUDGE: RDM

STATE  OF  ALABAMA                    VS       HEARD PATRICK ONEAL
                                               9947 HWY 21 NORTH
CASE: CC 2003 000044.00
                                               ATMORE, AL  36503 0000

DOB: 07/21/1968        SEX: M  RACE: B  HT: 6 02  WT: 140   HR: BLK EYES: BRO
SSN: 416217547  ALIAS NAMES: AIS 165216
================================================================================
```

| | | |
|---|---|---|
| 10/20/2004 | NOTICE SENT: 10/20/2004 ORA GIBSON | RHM |
| 11/01/2004 | PARTY ADDED W004  CHRIS ALEWINE            (AW21) | RHM |
| 11/01/2004 | WITNESS SUBPOENA ISSUED TO W004 CHRIS ALEWINE | RHM |
| 11/08/2004 | MOTION IN LIMINE. | RHM |
| 11/19/2004 | JUDGE ID CHANGED FROM: XXX TO: RDM        (AR10) | RHM |
| 11/19/2004 | CHARGE 01 DISPOSED BY: CONVICTED ON: 11/18/2004 | RHM |
| 11/19/2004 | DISPOSITION JUDGE ID CHANGED FROM:       TO: RDM | RHM |
| 11/19/2004 | CHARGE 01: BURGLARY 3RD DEGREE/#CNTS: 001  (AR10) | RHM |
| 11/19/2004 | SET FOR: URY TRIAL ON 12/17/2004 AT 0900A  (AR10) | RHM |
| 12/20/2004 | DEFENDANT SENTENCED ON: 12/17/2004        (AR05) | RHM |
| 12/20/2004 | HISTORY FEE PROVISION ORDERED BY THE COURT (AR05) | RHM |
| 12/20/2004 | SENTENCE TO BEGIN ON: 12/17/2004          (AR05) | RHM |
| 12/20/2004 | IMPOSED CONFINEMENT: 25 YEARS             (AR05) | RHM |
| 12/20/2004 | COST PROVISION ORDERED BY THE COURT       (AR05) | RHM |
| 12/20/2004 | TOTAL CONFINEMENT: 25 YEARS               (AR05) | RHM |
| 12/20/2004 | WARRANT FEE PROVISION ORDERED BY THE COURT (AR05) | RHM |
| 12/20/2004 | CVCC PROVISION ORDERED BY THE COURT       (AR05) | RHM |
| 12/20/2004 | SUBPOENA FEE PROVISION ORDERED BY THE COURT (AR05) | RHM |
| 12/20/2004 | CONCURRENT SENTENCE ORDERED BY THE COURT  (AR05) | RHM |
| 12/20/2004 | PENITENTIARY PROVISION ORDERED BY THE COURT (AR05) | RHM |
| 12/20/2004 | DEF NOT ELIGIBLE FOR PROBATION.           (AR05) | RHM |
| 12/20/2004 | FREQUENCY AMOUNT SET TO: $100.00           (FE52) | RHM |
| 12/22/2004 | MOTION TO WITHDRAW, K JOHNSTON. | RHM |
| 12/28/2004 | JAIL CREDIT: 061 DAYS                     (AR05) | RHM |
| 12/28/2004 | TRANSCRIPT OF RECORD ISSUED: 12/28/2004   (AR08) | RHM |
| 01/27/2005 | ORDER--MOTION TO WITHDRAW, K JOHNSTON IS GRANTED. | RHM |
| 03/31/2005 | PRO-SE FOR SENTENCE REDUCTION | CHS |
| 04/05/2005 | ORDER--PRO-SE MOTION IS DENIED. | RHM |
| 06/16/2005 | ADDR1 CHANGED FROM: 1156 N 15TH CT        (AR01) | CHS |
| 06/16/2005 | HOME CITY CHANGED FROM: LANETT            (AR01) | CHS |
| 08/29/2005 | LETTER QUESTIONING REPORTERS TRANSCRIPT-TO JUDGE | CHS |
| 08/31/2005 | ORDER--DA OFFICE TO RESPOND W/IN 30 DAYS. | RHM |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2003 000044.00
OPER: RHM                     CASE ACTION SUMMARY
PAGE:    4                    CIRCUIT   CRIMINAL              RUN DATE: 09/15/2006
==============================================================================
IN THE CIRCUIT COURT OF  CHAMBERS                                    JUDGE: RDM

STATE  OF  ALABAMA                  VS       HEARD PATRICK ONEAL
                                             9947 HWY 21 NORTH
CASE: CC 2003 000044.00
                                             ATMORE, AL  36503 0000

DOB: 07/21/1968          SEX: M  RACE: B  HT: 6 02  WT: 140    HR: BLK EYES: BRO
SSN: 416217547  ALIAS NAMES: AIS 165216
==============================================================================
```

| Date | Description | Oper |
|------|-------------|------|
| 09/07/2005 | RESPONSE OF THE RESPONDENT IN OPPOSITION TO | RHM |
| 09/07/2005 | PETITIONER'S RULE 32 PETITION. | RHM |
| 09/29/2005 | CONVICTION REPORT TO BOARD OF REGISTRARS | CHS |
| 11/11/2005 | PROCEEDING INFORMA PAUPERIS APPEAL | RHM |
| 11/17/2005 | ORDER--COURT FINDS THAT THE PETITIONER HAS NOT | RHM |
| 11/17/2005 | STATED A LEGAL CLAIM WHICH CAN BE CONSIDERED. | RHM |
| 11/17/2005 | COURT DENIES THE RELIEF AND DISMISSED THE PETITION | RHM |
| 12/15/2005 | ORDER--DEF'S SUBMISSION OF 11/11/05 IS SUBJECT TO | RHM |
| 12/15/2005 | THE COURT'S ORDER OF 11/17/05 | RHM |
| 01/04/2006 | MAILED COURT  TRANSCRIPT TO HIM AT ATMORE | CHS |
| 01/04/2006 | TRANSCRIPT OF RECORD ISSUED: 01/04/2006    (AR08) | CHS |
| 01/04/2006 | ADDR1 CHANGED FROM: 2-36 FOUNTAIN 3800    (AR01) | CHS |
| 01/30/2006 | ENFORCEMENT PLACEMENT STATUS CHANGED TO: D | CHS |
| 02/23/2006 | D.A. FEE REMOVED. DEF. IN PRISON PER LYNDA SHERRER | CHS |
| 05/15/2006 | SET FOR:  SHOW CAUSE DKT/HE ON 05/18/2006 AT 0830A | ALS |
| 09/15/2006 | CASE ACTION SUMMARY PRINTED              (AR08) | RHM |

*(handwritten, top left)* 165216 2-5 Fountain 3800 Atmore AL 36503

*(handwritten, top center)* CC03 14.60

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Case Number

CC- 03 044

| ID | YR | NUMBER |
|---|---|---|
| CHAMBERS | | |

IN THE _____ CIRCUIT _____ COURT OF _____, ALABAMA

PATRICK O. HEARD
_____ vs. _____
Petitioner (Full Name)                     STATE OF ALABAMA
                                           Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ____165216____ Place of Confinement ____FOUNTAIN____

County of conviction _____ CHAMBERS _____

*(stamp)* FILED IN OFFICE THIS JUL 19 2005 CHARLES W. STORY CIRCUIT CLERK CHAMBERS COUNTY, ALABAMA

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _____

    CHAMBERS COUNTY CIRCUIT COURT

2. Date of judgment of conviction _____ DECEMBER 20, 2004

3. Length of sentence _____ 25 YEARS

4. Nature of offense involved (all counts) _____ BURGLARY 3rd DEGREE

5. What was your plea?   (Check one)
    (a)  Guilty _____
    (b)  Not guilty __X__
    (c)  Not guilty by reason of mental disease or defect _____
    (d)  Not guilty and not guilty by reason of mental disease or defect _____

**EXHIBIT**

tabbies   B

6.  Kind of trial: (Check one)

   (a)  Jury __X__                    (b)  Judge only _____

7.  Did you testify at the trial?

   Yes _____                    No __X__

8.  Did you appeal from the judgment of conviction?

   Yes __X__                    No _____

9.  If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

      (1)  Name of court _____
                              SEE ATTACHED SHEET
      _____

      (2)  Result _____ N/A _____

      _____

      (3)  Date of result _____ N/A _____
      _____

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1)  Name of court _____
                              SEE ATTACHED SHEET
      _____

      (2)  Result _____ N/A _____

      _____

      (3)  Date of result _____ N/A _____
      _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1)  Name of court _____
                              SEE ATTACHED SHEET
      _____

      (2)  Result _____ N/A _____

      _____

      (3)  Date of result _____ N/A _____
      _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____    No __X__ _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

   (a) (1) Name of court _____ N/A

       (2) Nature of proceeding _____ N/A

       (3) Grounds raised _____ N/A

       _____

       _____

       _____

       _____

       (attach additional sheets if necessary)

       (4) Did you receive an evidentiary hearing on your petition, application, or motion?

       Yes _____    No __X__

       (5) Result _____ N/A

       (6) Date of result _____ N/A

   (b) As to any second petition, application, or motion, give the same information:

       (1) Name of court _____ N/A

       (2) Nature of proceeding _____ N/A

       (3) Grounds raised _____ N/A

       _____

       _____

       _____

       _____

       (attach additional sheets if necessary)

       (4) Did you receive an evidentiary hearing on your petition, application, or motion?

       Yes _____    No __X__

       (5) Result _____ N/A

       (6) Date of result _____ N/A

   (c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

       (1) Name of court _____ N/A

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No ___ N/A ___

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes _____          No _____

(2) Second petition, etc.         Yes _____    N/A    No _____

(2) Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

SEE ATTACHED SHEET

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

X    F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS. RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions: The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____             No   X  _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court       N/A  _____

(b) Result            N/A  _____

(c) Date of result        N/A  _____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____             No   X  _____

15: Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

NONE

(a) At preliminary hearing

(b) At arraignment and plea _____ KESA M. JOHNSTON

(c) At trial _____ KESA M. JOHNSTON

(d) At sentencing _____ KESA M. JOHNSTON

(e) On appeal _____ N/A

(f) In any post-conviction proceeding _____ N/A

(g) On appeal from adverse ruling in a post-conviction proceeding _____ N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No ⎯X⎯

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ⎯X⎯

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ N/A

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No ⎯X⎯

18. What date is this petition being mailed?

*July 5th 2005*

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _June 27, 2005_
                 (Date)

_Patrick Henard_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 27th day of ___June___ 19 2005

_Richard D. Hithcial_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
                                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , 19 _____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

---

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

STATE OF ALABAMA

COUNTY OF ESCAMBIA

## AFFIDAVIT OF PATRICK O HEARD

Before me a notary public in and for said County and State of Alabama at large personally appeared one Patrick O. Heard, who after being duly sworn under oath did depose and say: My name is Patrick O. Heard, I am over the age of 21 and able to give testimony in any Court of law. I also have personal knowledge of the statements made in this affidavit. Further this affidavit is made as my request for an out of time appeal.

On December 20, 2004, I was sentenced to a term of 25 years in the Alabama State prison in case number CC-03-044. This sentence was imposed by the Circuit Court of Chambers County, Alabama.

On January 19, 2005, while in the Chambers County jail awaiting transfer to to State prison, I filed notice of appeal, by placing said notice in the hands of the jail officials for mailing to the Circuit Court Clerk.

After waiting and not receiving any communication from the clerk regarding said notice of appeal, I then wrote the clerk asking for a status report regarding my appeal.

On June 20, I received from the clerk's office notification that my appeal was never received in the clerks office.

In accordance with Williams Vs. State, 651 So. 2d. 569, 1992, an out of time appeal is due to bbe granted because as stated in Williams, the law is flexible enough to allow papers to be filed once delivered to prisoner officials.

Further as stated in Houston Vs. Lack, 101 L Ed. 2d. 245, pro-se, prisoners notice of appeal held filed for purpose of time limit at moment of delivery to prison authorties for mailing to court.

I further stat under the penalty of perjury that all statements made herein are true and correct.

Dated this _21ʷ_ day of _June_ 2005:

_Patrick Heard_
Patrick O. Heard,

_____
Notary Public,

_12-3-07_
My Commission Expires,

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

STATE OF ALABAMA        )
                        )
VS.                     )        CASE NO. CC-03-44
                        )
PATRICK O. HEARD        )

## ORDER

After consideration, the Court finds that the Petitioner has not stated a legal claim which can be considered by the Court, or for which the relief sought can be granted. Accordingly, the Court hereby summarily denies the relief sought and dismisses the Petition.

Let a copy of this Order issue to the defendant and the District Attorneys Office.

Signed this the 17th day of November, 2005.

RAY D. MARTIN
CIRCUIT JUDGE

FILED IN OFFICE THIS

NOV 17 2005

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

**EXHIBIT**

C