IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK O'NEAL HEARD, #165216,    )
            )
    Petitioner,           )
            )
    v.             )  CIVIL ACTION NO. 3:06-CV-691-WHA
            )
SYLVESTER FOLKS, et al.,        )
            )
    Respondents.        )

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Patrick O'Neal Heard ["Heard"], a state inmate, on 26 April 2006.  In this petition,

Heard challenges a conviction for third degree burglary imposed upon him by the Circuit

Court of Chambers County, Alabama on 20 December 2004.  The respondents filed an

answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases*

*in the United States District Courts*, in which they contend that Heard's claim for relief is

procedurally defaulted as Heard failed to present the claim to the state courts in accordance

with the state's procedural rules.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845

(1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209

F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901

F.2d 770, 773 (11th Cir. 1990).

The respondents argue that the present habeas corpus petition should be denied

because Heard "did not 'fully' and ' completely exhaust his Rule 32 claims in state court.

Hard filed a Rule 32 petition, pursuant to Rule 32 of the Alabama Rules of Criminal

Procedure, but he did not appeal the denial of his Rule 32 petition." *Respondents' Answer*

at 3-4.

A procedural default bars consideration of the merits of a claim "unless the prisoner

can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct.

2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir.

2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

However, even if the petitioner fails to show cause and prejudice, a procedural

default will not preclude a federal court from considering a habeas petitioner's federal

constitutional claim where the petitioner is able to show that the court's failure to address

his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S.

298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice

exception allows federal courts to address procedurally defaulted claims if the petitioner

shows that "a constitutional violation has probably resulted in the conviction of one who

is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before 10 October 2006 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after 10 October 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on the ground presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

In his reply to the respondents' assertion that his claim is procedurally defaulted, the petitioner must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue this claim in state court either at the trial court

level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.  If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 19th day of September, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE